UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICA II ELECTRONICS, LLC,

    Plaintiff,

v.   Case No: 8:20-cv-1496-T-36JSS

GREGORY HAYES and VELOCITY
ELECTRONICS CORP.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Remand [Doc. 6], filed on July 13, 2020. In the motion, Plaintiff argues that Defendant Velocity Electronics Corp. ("Velocity Electronics") has not established that the amount in controversy in this case meets the jurisdictional requirements for diversity jurisdiction. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand.

**I.   BACKGROUND**

On June 8, 2020, Plaintiff commenced this action in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, against Defendants. [Doc. 1-1]. The complaint alleges that Hayes has breached his written non-solicitation, non-competition, and non-disclosure agreement with Plaintiff and that Velocity Electronics has tortiously interfered with the advantageous business and contractual relationships enjoyed by Plaintiff. *Id.* ¶ 2. Velocity Electronics subsequently removed the action to this Court, alleging that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000. [Doc. 1 ¶ 7]. The complaint alleges only that Plaintiff is seeking damages in excess of $30,000, exclusive of interest, attorneys' fees and costs. [Doc. 1-1 ¶ 5].

Plaintiff now seeks a remand of the action on the ground that "Velocity [Electronics] has not established that the amount in controversy in this case meets the jurisdictional requirements for diversity jurisdiction." [Doc. 6 at 1-2]. Specifically, Plaintiff argues that nothing in its complaint indicates that the amount in controversy of its claim against Velocity Electronics is in excess of the jurisdictional limit and the notice of removal is devoid of any such evidence. *Id.* at 6. Plaintiff further argues that a dispute regarding restrictive covenants should be remanded when it is "not susceptible to an abstract fair market value" and therefore not "sufficiently measurable and certain to satisfy the amount in controversy requirement." *Id.* at 4-5 (citing *Cox v. Slater Tools, Inc.*, No. 2:12-CV-193-FTM-37DNF, 2012 WL 12952752, at *2 (M.D. Fla. June 18, 2012). Plaintiff has not filed a response and the time to do so has expired.[1]

## II. DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Welch v. GEICO Gen. Ins. Co.*, No. 8:16-CV-1460-T-36TBM, 2016 WL 9274964, at *1 (M.D. Fla. July 19, 2016) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982)). "As the party seeking federal jurisdiction, the burden is normally upon [the] defendant to establish diversity jurisdiction as of the date of removal." *Lancaster v. Quillen Properties, Inc.*, No. 2:14-CV-97-FTM-29DNF, 2014 WL 12872856, at *1 (M.D. Fla.

---

[1] "Local Rule 3.01(b) . . . provides that "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." *Lancaster v. Quillen Properties, Inc.*, No. 2:14-CV-97-FTM-29DNF, 2014 WL 12872856, at *1 (M.D. Fla. Apr. 2, 2014) (quoting M.D. Fla. R. 3.01(b)). As such, the motion is deemed unopposed.

Apr. 2, 2014) (internal quotation removed). As Plaintiff contends, Defendant Velocity has not met this burden.

In this case, the complaint alleges "damages in excess of $30,000." [Doc. 1-1 ¶ 5]. Without more, Velocity has only alleged in its notice of removal that this "is a civil action in which the matter in controversy exceeds the sum of $75,000.00." [Doc. 1 ¶ 7]. It is well established that "[w]here, as here, 'the plaintiff has not plead[ed] a specific amount of damages ... the defendant is required to show ... by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied.' " *James v. Washington Nat'l Ins. Co.*, No. 3:18-CV-628-J-34JRK, 2018 WL 4091001, at *3 (M.D. Fla. Aug. 28, 2018) (quoting *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Additionally, "the value of declaratory or injunctive relief must be 'sufficiently measurable and certain' to satisfy the amount-in-controversy requirement." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (quoting *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir.2000)). While the Court may not speculate or guess as to the amount in controversy, it may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings and it may use its judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements**.** *Kilmer v. Stryker Corp.*, No. 5:14-CV-456-OC-34PRL, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11thCir.2010)). All doubts must be resolved in favor of remand. *Cowan v. Genesco, Inc.*, No. 3:14-CV-261-J-34JRK, 2014 WL 3417656, at *2 (M.D. Fla. July 14, 2014).

Upon review of the complaint, the Court, even using its own experience and common sense, cannot determine whether more than $75,000 is at issue in this action. As our jurisprudence instructs, the Court will resolve its doubt in favor of remand. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

4. The Clerk is further directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 29, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any